921 F.Supp. 650 (1996)
Penny MADDOX, Plaintiff,
v.
Robert W. GEORGE, Defendant.
No. 1:94 CV 152 SNL.
United States District Court, E.D. Missouri, Southeastern Division.
March 11, 1996.
C.H. Parsons, Jr., President, Parsons and Mitchell, Dexter, MO, for plaintiff.
H. Max Hilfiker, Malden, MO, Matthew Richardson, Richardson and Duncan, Poplar Bluff, MO, for defendant.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
This matter is before the Court on the Defendant's Motion to Dismiss for Lack of Jurisdiction. The question before the Court is whether the Plaintiff is domiciled in Arkansas or Missouri. For the reasons stated below, the Court finds that the Plaintiff is domiciled in Missouri and therefore this Court does not have jurisdiction on the basis of diversity under 28 U.S.C. § 1332(a).
This wrongful death action arises out of an automobile accident involving John Maddox, the Plaintiff's son, and Robert George. Shortly before this suit was filed, the Plaintiff moved to Arkansas and claimed Arkansas citizenship. The Plaintiff owns two vehicles that are licensed in Arkansas and *651 she is registered to vote in Arkansas. There is no question that she has significant ties to that state.
However, her stated intention to remain in Arkansas is contradicted by her actions in the state of Missouri. Her daughter attends school in Missouri, she owns property in Missouri, she works in Missouri, and her social life revolves around activities in Missouri. Despite her stated intention to remain domiciled in Arkansas, her move fifteen minutes across the state border into a rented mobile home in Piggott, Arkansas does not support her claims.
The Plaintiff claims that her move was spurred by two factors: first, she wanted to be closer to her older daughter who attends college in Arkansas; second, she wanted to avoid constant contact with the Defendant's family in Campbell, MO. These stated reasons are not supported by the facts. The small amount of time that is trimmed from her trip to Jonesboro is not significant, and she does not present any evidence that her new residence allows her to see her older daughter any more often, nor does her new residence lessen the chances of contact with the defendant's relatives since she still operates in the same general area and would have the same chance of seeing them now as she did before this jurisdictional move.
When deciding a question of domicile for diversity jurisdiction, the court must determine whether the party has a physical presence at the diverse location and if the party intends to make that a permanent home. Sheehan v. Gustafson, 967 F.2d 1214 (8th Cir.1992); Janzen v. Goos, 302 F.2d 421, 425 (8th Cir.1962). The Court strictly questions a party's intent when this jurisdictional move immediately precedes the filing of a suit. Russell v. New Amsterdam Casualty Co, 325 F.2d 996 (8th Cir.1964). The Court finds that despite the trappings of citizenship she has recently acquired, the Plaintiff does not have the required intent to make Piggott, Arkansas her permanent home.
The Plaintiff argues that modern society allows for people to live and work in a number of jurisdictions. Although it is true that ease of transportation has changed the face of family life, the Plaintiff has not carried her burden to make a sufficient showing to indicate that her move to Arkansas was not a guise, for whatever reason, to establish diversity jurisdiction in federal court.
Accordingly,
IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss (# 18) is GRANTED.