Timothy L. SAUTTER, and Tina Sautter, Individually and as Guardians of Lindi L. Sautter, Nick T. Sautter and Stephanie L. Sautter, Appellants,

v.

INTERSTATE POWER COMPANY, Appellee,

v.

D & J FEED SERVICE, INC. d/b/a Four County AG Service, Alla–Clay Farmacy, Inc., Edward Handke, Dale Jones, Al Freidline, Lyle Opheim and Lyle Johannsen, Appellees.

No. 96–30.

Supreme Court of Iowa.

May 21, 1997.

Roxanne Barton Conlin and Thomas J. Duff of Roxanne Conlin & Associates, Des Moines, for appellants,

David L. Hammer, Angela C. Simon and Scott J. Nelson of Hammer, Simon & Jensen, Dubuque, for appellee Interstate Power.

Gary D. Ordway and Roy M. Irish of Patterson, Lorentzen, Duffield, Timmins, Irish, Becker & Ordway, L.L.P., Des Moines, for appellees Dale Jones and Al Freidline.

Connie Alt and Diane Kutzko of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for appellee Edward Handke.

Thomas J. Logan and Hugh J. Cain of Hopkins & Huebner, P.C., Des Moines, for appellees D & J Feed Service, Inc., Alla–Clay Farmacy, Inc., Lyle Opheim and Lyle Johannsen.

Considered by HARRIS, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

■ A seldom noticed provision in Iowa Code chapter 614 (1993) (limitation of actions) provides relief in certain rare situations from the various prescribed periods allowed for bringing suit. Iowa Code section 614.10[1] provides that when an action, brought within a period allowed, fails and the same cause is brought again within six months, the limitation requirement is tested by deeming the second action a continuation of the first one. The relief granted under Code section 614.10 is not all embracing. It applies only to situations in which the first action's failure did not result from "negligence in its prosecution." Our cases place the burden of establishing this on the party seeking the statute's protection.

The question here is whether an action, originally brought in federal court and dismissed there for want of diversity of the parties, failed by reason of "negligence in its prosecution." The district court determined that it did with fatal consequences to the present suit. Without the relief provided by Code section 614.10, the second suit became deemed to have been commenced after expiration of the two-year statute of limitations for bringing personal injury suits. Iowa Code § 614.1(2). Because we agree with the trial court's interpretation, we affirm dismissal of the suit.

The following facts were established as the basis for the summary judgment. On September 19, 1992, Timothy Sautter received serious injuries when a grain auger came into contact with a high voltage power line owned by the defendant, Interstate Power Company. His wife, Tina Sautter, is another named plaintiff. On October 20, 1993, the Sautters brought suit in federal court against Interstate Power Company seeking damages sustained in the accident. In alleging the federal district court had diversity jurisdiction over the claims, the Sautters asserted they were residents and citizens of Wisconsin and that Interstate Power was incorporated in Iowa and had its principal place of business here.

The claim of diversity of citizenship was however contrary to fact. In August 1993, prior to filing the federal suit, the Sautters had moved from Wisconsin to Iowa. In its answer, Interstate Power admitted its principal place of business was in Iowa (but denied it was incorporated in Iowa). In February 1994, the Sautters signed answers to interrogatories in the federal suit indicating their Iowa residency. During a deposition in October 1994, Timothy Sautter conceded that, at the time of the commencement of the federal action, he and his wife resided in Iowa. On the basis of this admission the federal suit was (on Interstate Power's motion) dismissed for lack of diversity jurisdiction.

Within six months the Sautters brought this action in Iowa district court, pursuing the same claim for their injuries.[2] Interstate Power moved for summary judgment asserting the Sautters' claims were barred by the two-year statute of limitations. Interstate Power successfully urged that Iowa Code section 614.10 does not apply because the federal action failed due to negligence in its

---

1. Iowa Code § 614.10 states:
   If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one was brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first.

2. Interstate Power subsequently brought a third-party claim against third-party defendants D & J Feed Service, Inc., Alla–Clay Farmacy, Inc., Ed-

ward Handke, Dale Jones, Al Freidline, Lyle Opheim, and Lyle Johannsen, who were owners of the property where the accident occurred, the Sautters' employers, or the Sautters' co-employees. The third parties joined in Interstate Power's motion in district court and defend the district court ruling on appeal. For simplicity we describe all appellees singularly as Interstate Power.

prosecution. The matter is before us on the Sautters' appeal from the district court order sustaining the motion.

I. We review a grant of summary judgment on error. Iowa R.App. P. 4; *Lihs v. Lihs,* 504 N.W.2d 890, 892 (Iowa 1993). We uphold such a judgment when the moving party shows there is no genuine issue of material fact and is thus entitled to judgment as a matter of law. Iowa R. Civ. P. 237(c); *see C–Thru Container Corp. v. Midland Mfg. Co.,* 533 N.W.2d 542, 544 (Iowa 1995). The record is reviewed in the light most favorable to the nonmoving party. *Gerst v. Marshall,* 549 N.W.2d 810, 812 (Iowa 1996).

■ II. We established four prerequisites for claiming relief under section 614.10:

1. The failure of a former action not caused by the plaintiff's negligence.

2. The commencement of a new action brought within six months thereafter.

3. The parties must be the same.

4. The cause of action must be the same.

*Beilke v. Droz,* 316 N.W.2d 912, 913 (Iowa 1982). In this case the parties dispute only whether the first requirement has been met—whether it is shown that the failure of the federal court action was not caused by the Sautters' negligence. The Sautters as plaintiffs have the burden of pleading and proving their freedom from negligence in the prosecution of the first action. *Wilson v. Wright,* 189 N.W.2d 531, 532 (Iowa 1971); *Central Constr. Co. v. Klingensmith,* 256 Iowa 364, 367–68, 127 N.W.2d 654, 656 (1964). In *Central Construction* we said: "[n]egligence in prosecution of an action is surely inherent when the plaintiff is lacking in diligence and so suffers a dismissal." 256 Iowa at 369, 127 N.W.2d at 657.

■ The finding of negligence here was grounded, not on how aggressively the Sautters pressed their federal suit, but rather on how unreasonable it was for them to bring or pursue it without a factual basis for its most elementary requirement. We think the finding was appropriate. The Sautters cannot show they were reasonably unaware of the diversity problem. The bringing of a civil action is a necessary part of prosecuting it.

In civil litigation the word "prosecution" includes "every step in [an] action, from its commencement to its final determination." Black's Law Dictionary 1099 (5th ed. 1979).

■ Any attorney bringing a private tort suit in federal court necessarily starts with a careful consideration of diversity. A federal court has subject matter jurisdiction over a case between citizens of different states where the amount in controversy exceeds $50,000. 28 U.S.C.A. § 1332 (West 1993). Citizenship is determined at the time the lawsuit is filed in federal court. *See Freeport–McMoRan, Inc. v. K N Energy, Inc.,* 498 U.S. 426, 428, 111 S.Ct. 858, 860, 112 L.Ed.2d 951, 954 (1991). For diversity purposes, an individual is a citizen of the state in which he or she is domiciled. *See Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir. 1974). Section 1332 provides that a corporation, such as defendant Interstate Power, is a citizen of the state—or states—in which it is incorporated and the state in which it has its principal place of business. Thus a corporation may be a citizen of more than one state for diversity jurisdiction purposes.

Domicile and thus citizenship of an individual at the time a lawsuit is filed is not always easy to determine. *See, e.g., Maddox v. George,* 921 F.Supp. 650 (E.D.Mo.1996); *Dyer v. Robinson,* 853 F.Supp. 169 (D.Md. 1994); *Delgado Ortiz v. Irelan,* 830 F.Supp. 68 (D.P.R.1993). Even so the district court here found, especially in view of its crucial importance, that the Sautters failed to establish they were not negligent by prosecuting the case in federal court.

Bringing and pressing the federal suit in the face of facts that would deprive that court of diversity jurisdiction denies the Sautters the relief accorded by Iowa Code section 614.10. The federal suit's dismissal on that basis renders it impossible for them to carry the required burden of showing their earlier suit did not fail for negligence in its prosecution. The trial court was correct in so holding.

**AFFIRMED.**