# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0806
Filed April 29, 2026

———————————

**Dennis Lee Anderson,**
Plaintiff–Appellant,

v.

**Depositors Insurance Company,**
Defendant–Appellee.

———————————

Appeal from the Iowa District Court for Jasper County,
The Honorable Terry Rickers, Judge.

———————————

**AFFIRMED**

———————————

J.M. Boomershine (argued), of Sullivan & Ward, P.C., West Des Moines,
attorney for appellant.

Courtney T. Wilson (argued) of Law Offices of John M. Guthrie, Des
Moines, attorney for appellee.

———————————

Heard at oral argument
by Greer, P.J., and Buller and Langholz, JJ.
Opinion by Greer, P.J.

**GREER, Presiding Judge.**

Dennis Anderson appeals the district court order dismissing his second lawsuit against Depositors Insurance Company arising out of the same claim. Anderson argues that his second lawsuit is timely under Iowa's savings statute, Iowa Code section 614.10 (2025), because he filed it within six months of dismissing, without prejudice, a prior lawsuit against Depositors. Upon our review, we conclude that Anderson negligently prosecuted the first lawsuit and the savings statute does not apply. Because the savings statute does not apply, and because Anderson's claims are time-barred by the contractual limitations period in the insurance policy, we affirm the dismissal of his second lawsuit.

## I. Background Facts and Proceedings.

Anderson alleges he was injured in a November 2021 motor-vehicle accident with an underinsured motorist. On July 5, 2023, Anderson filed a lawsuit bringing an underinsured-motorist claim against his insurance company, Depositors. Anderson set out to serve Depositors with original notice of the lawsuit through the Iowa Insurance Division (IID). On July 14, Anderson claims he mailed the petition, original notice, and required fee to the IID requesting service of the suit papers on Depositors. As Anderson later learned, the IID failed to serve Depositors, but the IID also never deposited the check that was sent to pay the fee.

The applicable insurance policy provided that "any suit against [Depositors] under this Underinsured Motorists Coverage will be barred unless commenced within two years after the date of the accident." The two-

year contractual time limit to file suit on Anderson's claim expired in November 2023.[1]

In July 2024, Depositors moved to dismiss the lawsuit because it was never served with the suit documents from the IID. On August 12, before filing a resistance and before the hearing on Depositor's motion to dismiss, Anderson voluntarily dismissed the lawsuit without prejudice.

On February 11, 2025, within six months of the voluntary dismissal, Anderson filed a new lawsuit against Depositors bringing the same claim. This time, he successfully served Depositors, as shown by an acceptance of service filed by the Commissioner of Insurance on February 19.

Depositors again moved to dismiss, now arguing the lawsuit was barred by the two-year contractual time limit to file suit in the insurance policy. Anderson resisted, arguing Iowa's savings statute, Iowa Code section 614.10, permitted him to refile the lawsuit even if it was outside the contractual time limit.

The district court granted the defendant's motion, concluding that Anderson negligently prosecuted his original case. According to the district court, Anderson was responsible for ensuring that service was accomplished,

---

[1] It was not raised below, but we note there is some authority that a previous savings statute was not applicable to extend a statute of limitations established by contract between the parties. *See Ryan v. Phx. Ins. Co. of Hartford*, 215 N.W. 749, 751 (Iowa 1927) ("It is the rule in this state that the parties may by contract fix the period within which an action may be commenced for any cause growing out of such contract, and that in such case [the 1924 savings statute section], which under certain circumstances makes the commencement of a new action within 6 months after a prior dismissal a continuation of the original action, is not applicable.").

and his failure to verify service was negligent. The court concluded the savings statute was therefore inapplicable and dismissed the second lawsuit as time-barred. Anderson appeals.

## II. Standard of Review.

"We review a district court's ruling on a motion to dismiss for the correction of errors at law." *Benskin, Inc. v. West Bank*, 952 N.W.2d 292, 298 (Iowa 2020) (citation omitted).

## III. Analysis.

There is no dispute that Anderson's second lawsuit was filed beyond the two-year deadline in the insurance policy. The only question on appeal is whether Iowa's savings statute applies to save Anderson's claim from the time-bar. Anderson argues that the savings statute applies because he was not negligent in prosecuting the first lawsuit as the failure of service in the first action was solely attributable to the IID. Depositors argues that Anderson's failure "to seek continuance or oppose the motion to dismiss in the original action" was negligent and his second lawsuit is therefore barred. We conclude that Anderson negligently prosecuted his first lawsuit, the savings statute does not apply, and his second lawsuit is therefore time-barred.

Iowa's savings statute, Iowa Code section 614.10 provides, "If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall be held a continuation of the first." "The purpose of a savings statute is to prevent minor or technical mistakes from precluding a plaintiff from obtaining his day in court and having his claim decided on the merits." *Furnald v. Hughes*, 804 N.W.2d 273, 276 (Iowa 2011).

4

The burden is on Anderson to show that the savings statute applies. *Id.* at 275.

To invoke the savings statute: (1) the second lawsuit must be brought within six months of the dismissal of the first lawsuit; (2) the parties must be the same as in the original suit; (3) the cause of action must be the same as in the original suit; and (4) the failure of the original suit must not be caused by the plaintiff's negligence. *See Sautter v. Interstate Power Co.*, 563 N.W.2d 609, 611 (Iowa 1997) ("Bringing and pressing the federal suit in the face of facts that would deprive that court of diversity jurisdiction" was the failure of the first action caused by the Sautters's negligence, thus dismissal was required). The parties do not contest the first three requirements. The dispute is whether Anderson was negligent in his prosecution of his first lawsuit. "[T]he word 'prosecution' includes 'every step in [an] action, from its commencement to its final determination.'" *Id.* (citation omitted).

Our case law "stands for the proposition that for a voluntary dismissal to be within the scope of the term 'fails' under the savings statute, there must be compulsion to the extent that a plaintiff's entire underlying claim has been, for all practical purposes, defeated." *Furnald*, 804 N.W.2d at 282. "If the claim can still be pursued in the underlying action, it has not 'failed' and it is 'negligence' in the prosecution of the case not to press the matter to conclusion." *Id.* Additionally, "[n]egligence in prosecution of an action is surely inherent when the plaintiff is lacking in diligence and so suffers a dismissal." *Sautter*, 563 N.W.2d at 611 (alteration in original) (citation omitted). Anderson must show "strict" proof that he was not negligent in the prosecution of the first action. *Furnald*, 804 N.W.2d at 279.

After Anderson filed the first lawsuit, he had ninety days to serve Depositors. Iowa R. Civ. P. 1.302(5). Anderson elected to serve Depositors

5

through the IID. Under Iowa law, all insurance companies that sell insurance policies within the state must "consent to having the commissioner [of the IID] serve as agent for the individual or entity for the purpose of receiving service of process." Iowa Admin. Code r. 191–1.7(505) (2025); *see also* Iowa Code § 505.30. The IID must accept service of process for the named insurance company. Iowa Admin. Code r. 191–1.7(2)(a). After receiving a valid request for service and payment of the service fee, the IID must forward the documents onto the named insurance company and must e-file a notice of acceptance in Iowa's electronic filing system. Iowa Admin. Code r. 191–1.7(2)(b)–(c).

We do not have the record from the first lawsuit before us. However, it does not appear that the IID ever filed the notice of acceptance signifying that it had received the documents. Additionally, as the district court noted, "[t]he check for the filing fee was never endorsed or deposited" by the IID. The district court concluded,

> there was apparently no effort to monitor the [IID's] efforts, or lack thereof, to effectuate service upon Depositors until more than a year had passed from the filing of the original lawsuit. A review of the court file would have revealed that no proof of service upon Depositors had been filed with the court. Presumably, [Anderson's] counsel's staff would have noticed that the filing fee check sent to the [IID] never cleared the firm's bank account for over a year. At least two "red flags" were missed while the original lawsuit moved forward.

While the failure to serve Depositors was attributable to the IID, Anderson offers no explanation for his failure to confirm that service was effectuated for over one year. *See Mokhtarian v. GTE Midwest Inc.*, 578 N.W.2d 666, 669 (Iowa 1998) ("Once a plaintiff files a petition, we believe it only appropriate that the plaintiff should bear the burden of ensuring that service of the original notice and petition on defendant is both proper and

timely."). Likewise, the defendant's "pre-answer" motion to dismiss assumes that the insurance defendant never filed any pleading in the year before the motion to dismiss was filed, which should have alerted Anderson to a potential problem with service.

Still, rather than voluntarily dismissing the first lawsuit, Anderson could have filed a motion to extend the service deadline or resisted the motion to dismiss. While the district court concluded that he likely would have been unsuccessful given the amount of time that had passed without service, we cannot say for certain that would have been the result as Anderson did not attempt to pursue either of those options. *But see Palmer v. Hofman*, 745 N.W.2d 745, 748 (Iowa Ct. App. 2008) (finding no good cause for 184-day delay in service beyond statutory limit where attorney's office made "[n]o effort to complete service . . . after delivery of the documents to the Mills County Sheriff."). Because we cannot know what would have happened had Anderson sought a service extension or resisted the motion, we cannot conclude that dismissal of the first lawsuit was "compelled" or that the first lawsuit "failed." *Furnald*, 804 N.W.2d at 282–83.

Like the district court, we are "sympathetic to the fact that the process server in this case clearly failed in its duty." We conclude, however, that Anderson was negligent in failing to ensure service had been effectuated. There is no explanation for Anderson's failure to confirm that Depositors was served within the ninety-day service window, and further no explanation for how the lack of service went unnoticed for over one year. Through the exercise of reasonable diligence, Anderson would have realized Depositors had not been served and either rectified the issue or sought an extension of time to serve under Iowa Rule of Civil Procedure 1.302(5). Plus, based on Anderson's failure to pursue other options within the first lawsuit before a

7

voluntary dismissal, Anderson cannot establish compulsion to the extent that the claim, for all practical purposes, was defeated. *Id*. at 282. Because the first lawsuit failed due to negligence in Anderson's prosecution of the suit, the savings statute does not apply and his claim is therefore untimely.

## IV. Conclusion.

We conclude the failure of Anderson's first lawsuit against Depositors resulted from his negligence and therefore Iowa's savings statute does not apply. Because the savings statute does not apply, and because Anderson's second lawsuit was filed outside the two-year contractual time-bar in the policy, the district court properly dismissed the second lawsuit.

**AFFIRMED.**