OPINION FRY, Judge. {1} Plaintiffs appeal from the district court’s order dismissing their action under Rule 1-012(B)(6) NMRA for failure to state claims on which relief could be granted. The district court reasoned that, under the doctrine of res judicata, the judgment in an earlier declaratory judgment action precluded Plaintiffs ’ claims in the present case.[1] Because the district court considered matters outside the pleadings, we conclude that the motion to dismiss was converted to a motion for summary judgment. {2} In the prior declaratory judgment action, Defendant Country Club Estates Homeowners Association, Inc. (the Association), by its then president, Plaintiff Ewert, sought a declaration that the Association’s governing board was the board headed by Ewert (the Ewert Board) rather than a purportedly newly elected board (the Fletcher Board). The district court in the prior action apparently confirmed an arbitration award declaring the Fletcher B oard to be the legitimate board. The Fletcher Board then sought in the same action to recover its attorney fees from the individual members — Plaintiffs in the present case — of the Ewert Board, but the district court in that case ordered the fees to be paid by the Association. Now, in the present case, pursuant to a provision in the Association’s bylaws, Plaintiffs (who were members of the Ewert Board) are seeking indemnification of the attorney fees they incurred in defending against the attorney fee claim made by the Fletcher Board in the prior case. {3} Relying on Section 33 of the Restatement (Second) of Judgments (1982), we first hold under the principle of claim preclusion that the judicial declaration of the parties’ status in the prior declaratory judgment action does not preclude Plaintiffs’ claim for indemnification of their attorney fees in the present action. Second, we conclude that under the principle of issue preclusion, the issue of Plaintiffs’ indemnification claim was not actually litigated in the prior action. Third, in response to the Association’s “right for any reason” argument, we hold that summary judgment on the alternative ground of lack of standing was improper due to disputed issues of material fact. We therefore reverse. BACKGROUND {4} This action on appeal and the prior case arose out of differing views by homeowners regarding the development of properties of the Association. A majority of the homeowners and the then-current board of directors, the Ewert Board, which included Plaintiffs, wanted limited expansion; a minority of the homeowners wanted greater expansion. The minority enlisted the developer to vote its undeveloped lots in a'recall election with the goal of ousting Plaintiffs and the rest of the Ewert Board and electing a new board. The minority prevailed in a recall election, and the Fletcher Board, which represented the wishes of the homeowner minority, took office. Four of the seven members of the ousted Ewert Board are Plaintiffs/Appellants in the case now before this Court. {5} Following the recall election and installment of the Fletcher Board, the Ewert Board filed a complaint seeking a declaratory judgment as to the validity of the recall election and as to the legal governance of the Association. The complaint named as the plaintiff the Association “by its President, John Ewert, Plaintiff’ and named as the defendant “Pamela Fletcher in her Representative Capacity as President of a Board of Directors Purportedly Elected on October 29, 2007, Defendants.” We refer to this action as “the declaratory judgment action.” {6} During the pendency of the declaratory judgment action, the Fletcher B oard submitted the issues to arbitration through the Association’s architectural control committee.[2] The arbitrator determined that the recall election was effective and that the Fletcher Board was the duly constituted Board of the Association. The district court appears to have entered judgments confirming the award. The confirmed award apparently provided that if the Ewert Board did not turn over the Association’s books and records or if it unsuccessfully tried to set aside the award, the Ewert Board might be liable for the Fletcher Board’s attorney fees. {7} In a post-judgment hearing apparently related to the Ewert Board’s motion to vacate the court’s judgments, the court addressed questions related to whether the Ewert Board members could be held individually liable for the Fletcher Board’s attorney fees in the declaratory judgment action. As of that hearing, it appears that the Association had paid the attorney fees for the work done on behalf of the Ewert Board, at least through the arbitration. The issue at the hearing centered on the Fletcher Board’s request for payment of its attorney fees. In regard to those attorney fees, the Ewert Board members argued that the Fletcher Board’s attorney fees should not be assessed against the Ewert Board members individually because if they were, the Ewert Board members could seek indemnification from the Association under a clause in the Association’s bylaws. They maintained that in order to avoid circuitous litigation, the Association should simply pay the Fletcher Board’s attorney fees, just as it had paid the Ewert Board’s attorney fees. {8} The district court agreed with the Ewert Board and entered an order noting that because the Ewert Board’s attorney fees were paid by the Association, “the fairest way to handle [the FletcherBoard’s] attorney[] fees is for counsel to be paid by [the Association.]” This order appears to have ended the declaratory judgment action. {9} Five of the seven members[3] of the Ewert Board then filed a complaint against the Association seeking recovery of $28,724.72, representing attorney fees they incurred to defend against the Fletcher Board’s pursuit of fees against the Ewert Board members individually in the declaratory judgment action. Plaintiffs alleged entitlement to the fees under the indemnification clause contained in the Association’s bylaws. In part, the provision states: [The Association] shall indemnify any person who was or is a party . .. to any . . . pending or completed action [or] suit ... by reason of the fact that he or she is or was a director, trustee, officer, employee[,] or agent of [the Association] . . . against expenses (including attorney[] fees) . . . actually and reasonably incurred by him or her in connection with such suit, action[,] or proceeding if he or she acted in good faith and in a manner he or she reasonably believed to be in or not opposed to the best interests of [the Association.] Plaintiffs further alleged that they “were involved in the [declaratory judgment action] by reason of the fact that they were members of [the Association’s] Board ofDirectors” and also that “[t]he actions by Plaintiffs in connection with the [declaratory judgment action] were ... taken in good faith and based on what was reasonably believed to be in or not opposed to the best interests of [the Association].” In its answer to the complaint, the Association asserted affirmative defenses of res judicata and failure to state a claim upon which relief can be granted, among other defenses. {10} The Association, under the Fletcher Board’s governance, filed amotion to dismiss based on its affirmative defense of res judicata. In their response to the motion to dismiss, Plaintiffs argued that case law permits their claim to be asserted in a subsequent lawsuit and that the two lawsuits involved neither the same parties nor the same claims. In regard to their party status, Plaintiffs stated that they “were not parties to the [declaratory judgment action], but to the extent they had any involvement in [that action] at all, it was in their representative capacities, not in their individual capacities, as is the case here.” {11} The Association responded, arguing, among other things, that Plaintiffs were barred because they were parties or “parties in privity” in the declaratory judgment action, they were individually named, and they could have asserted the claim in that action. The Association also argued that the indemnification issue was asserted and adjudicated in the declaratory judgment action. {12} After a hearing on the motion to dismiss, the district court entered an order dismissing Plaintiffs’ action for failure to state a claim upon which relief could be granted, not on res judicata grounds, but instead, in effect, on the basis of lack of standing. It held that the indemnification clause applies only to “persons who were or are part[ies] to litigation” and, because Plaintiffs alleged that they were not parties to the declaratory judgment action, they were not entitled to indemnification. Notably, neither the briefs related to the motion to dismiss nor the discussion in the hearing on the motion addressed whether Plaintiffs’ complaint should be dismissed for lack of standing because they did not come within the terms of the indemnification clause. {13} In a motion to reconsider the court’s order, Plaintiffs argued for reconsideration of the dismissal because the Association’s motion to dismiss was based on res judicata, not lack of standing, and because Plaintiffs had standing. In addition, within their motion to reconsider, Plaintiffs sought leave to amend their complaint “to clarify their right to relief’ in an effort to establish standing. {14} The district court heard the issues related to the motion to reconsider and entered an order determining that the district court in the declaratory judgment action “specifically addressed the issue of indemnification,” that the parties had the opportunity then to further address the issue, that Plaintiffs “had the opportunity to seek recovery of attorney}] fees in that matter},]” and that the parties “acted at their own peril in acting otherwise.” The court then ruled that Plaintiffs’ action was “barred by the doctrine of res judicata,” and the court also, with no elaboration, denied Plaintiffs’ motion for leave to amend. {15} Plaintiffs appealed the district court’s order. They assert two main points: the district court erred in dismissing on grounds of res judicata and, at a minimum, the court should have granted Plaintiffs leave to amend. We hold that the district court erred in dismissing Plaintiffs’ complaint on grounds of res judicata. DISCUSSION Standard of Review {16} “We review motions to dismiss a complaint for failure to state a claim under Rule 1-012(B)(6) denovo.” Madrid v. Vill. of Chama, 2012-NMCA-071, ¶ 12, 283 P.3d 871, cert. denied, 2012-NMCERT-006, 294 P.3d 1243. Dismissal under Rule 1-012(B)(6) is appropriate where the principle of claim preclusion bars a plaintiffs complaint. See Universal Life Church v. Coxon, 1986-NMSC-086, ¶¶ 8-9, 105 N.M. 57, 728 P.2d 467 (holding that claim preclusion may be raised in a motion to dismiss as an affirmative defense barring a claim). {17} However, “}w]here matters outside the pleadings are considered on a motion to dismiss for failure to state a claim, the motion becomes one for summary judgment}.]” Foster v. Sun Healthcare Group, Inc., 2012-NMCA-072, ¶ 6, 284 P.3d 389 (second alteration in original) (internal quotation marks and citation omitted), cert. denied, 2012-NMCERT-006, 294 P.3d 1243. In ruling on the motion to dismiss and the later motion for reconsideration in this case, the district court considered the following documents outside the pleadings: the complaint in the declaratory judgment action, the affidavit of Plaintiff Shirley Wheeler, the last order entered in the declaratory judgment action, and the Association’s reference manual. We therefore treat the motion to dismiss as a motion for summary judgment. “We construe all reasonable inferences in favor of the non-moving party and will uphold a grant of summary judgment where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.” Id. The present case involves a purely legal question as to whether res judicata applies to preclude Plaintiffs’ claims. {18} It is not entirely clear whether the parties and the district court focused on the claim preclusion aspect or the issue preclusion principle of res judicata. We therefore consider both aspects of res judicata in turn. The Res Judicata/Claim Preclusion Issue {19} The principle of claim preclusion “precludes a claim when there has been a full and fair opportunity to litigate issues arising out of that claim.” Kirby v. Guardian Life Ins. Co. of Am. (Kirby II), 2010-NMSC-014, ¶ 61, 148 N.M. 106, 231 P.3d 87 (emphasis, internal quotation marks, and citation omitted). The application of claim preclusion is supported by various rationales, including: “protect[ing] individuals from the burden of litigating multiple lawsuits [,] . . . promot[ing] judicial economy[,] and . . . promoting] the policy favoring reliance on final judgments by minimizing the possibility of inconsistent decisions.” Anaya v. City of Albuquerque, 1996-NMCA-092, ¶ 11, 122 N.M. 326, 924 P.2d 735 (internal quotation marks and citation omitted). {20} “The party asserting [claim preclusion] must satisfy the following four requirements: (1) the parties must be the same, (2) the cause of action must be the same, (3) there must have been a final decision in the first suit, and (4) the first decision must have been on the merits.” Kirby II, 2010-NMSC-014, ¶ 61 (alteration, internal quotation marks, and citation omitted). “Whether the elements of claim preclusion are satisfied is a legal question, which we review de novo.” Id. Section 33 of the Restatement (Second) of Judgments {21} In their briefs on appeal, Plaintiffs rely on Sections 26 and 36 of the Restatement (Second) of Judgments, neither of which is particularly helpful. However, in reviewing the Restatement, we determined that Section 33 is the starting point for consideration of claim preclusion in this case. That section addresses the preclusive effect of a judgment in a declaratory judgment action. A valid and final judgment in an action brought to declare rights or other legal relations of the parties is conclusive in a subsequent action between them as to the matters declared, and, in accordance with the rules of issue preclusion, as to any issues actually litigated by them and determined in the action. Restatement (Second) of Judgments § 33. Comment (c) to that section states, “When a plaintiff seeks solely declaratory relief, the weight of authority does not view him as seeking to enforce a claim against the defendant.” Instead, the plaintiff is seeking a judicial declaration. “The effect of such a declaration ... is not to merge a claim in the judgment or to bar it. Accordingly, regardless of outcome, the plaintiff or defendant may pursue further declaratory or coercive relief in a subsequent action.” Restatement (Second) of Judgments § 33 cmt. c. Thus, a plaintiff may seek further relief in a later lawsuit, and “it is irrelevant that the further relief could have been requested initially.” Id. {22} In the present case, this means that the Ewert Board members are bound by what the district court apparently declared in the declaratory judgment action, which was that the Fletcher Board was the legitimate, governing board of the Association. Under Section 33, this is the only “claim” precluded by the declaratory judgment action. The Ewert Board’s claim for indemnification in the present case is not precluded because it is not the same as the declaration sought and decided in the declaratory judgment action, and it is irrelevant under Section 33 whether the present claim could have been brought in the declaratory judgment action. See Jamestown Vill. Condo. Owners Ass’n v. Mkt. Media Research, Inc., 645 N.E.2d 1265, 1270 (Ohio Ct. App. 1994) (relying on Section 33 of the Restatement and stating that “a declaratory judgment is not res judicata on an issue or claim not determined thereby even though it was known and existing at the time of the original action”). {23} However, under Section 33, the Ewert Board members would also be bound under the doctrine of issue preclusion by any issues that were actually litigated and necessarily decided in the declaratory judgment action. See Restatement (Second) of Judgments § 33 cmt. b. Indeed, it appears that the parties and the district court may have focused on the question of whether the indemnification issue had been precluded by the declaratory judgment action. This brings us to the crux of this appeal, which is whether the issue in the present case — the Ewert Board members’ entitlement to indemnification for fees incurred in defending against the Fletcher Board’s attorney fee claim against them — was actually litigated and necessarily decided in the declaratory judgment action. Res Judicata/Issue Preclusion Does Not Apply {24} For the doctrine of issue preclusion to apply, “the moving party must show that (1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation.” Mascarenas v. City of Albuquerque, 2012-NMCA-031, ¶ 31, 274 P.3d 781 (internal quotation marks and citation omitted). “Once the moving party has produced sufficient evidence to meet all four elements, the district court must determine whether the party to be estopped had a full and fair opportunity to litigate the issue in the prior litigation.” Id, {25} Here, the parties spent a great deal of their time in the district court and on appeal arguing about whether the first element — identity of parties — exists. We do not address that element because we conclude that the third element is dispositive: the Association failed to establish that the indemnification issue raised in the present case was actually litigated in the declaratory judgment action. {26} In the declaratory judgment action, the indemnification provision in the Association’s bylaws came up in the context of the Fletcher Board’s request to have the individual Ewert Board members pay the Fletcher Board’s attorney fees incurred in defending the claim regarding which board was the legitimate governing body of the Association. The Ewert Board responded to this request by explaining to the district court that the Association had paid the Ewert Board’s attorney fees through the arbitration and that a fair decision would be to require the Association to pay the Fletcher Board’s fees as well. The Ewert Board pointed out that if the district court were to require the Ewert Board members to pay the Fletcher Board’s fees, the Ewert Board members could seek indemnification from the Association under the Association’s bylaws. Thus, the Ewert Board raised the indemnification provision to point out that the Association would in any event end up footing the bill for the Fletcher Board’s attorney fees. {27} The question asserted in the present case regarding the Ewert Board’s attorney fees incurred .in defending against the Fletcher Board’s attorney fee claim never came up in the declaratory judgment action. Because it never came up, it was never litigated. The Association has not asserted that any evidence was introduced in that action regarding the fees being claimed in the present case, and certainly the district court’s order in that case reflects no decision about those fees or whether the Ewert Board members were entitled to indemnification for them. While the district court in the declaratory judgment action stated that it found the Ewert Board’s argument regarding indemnification “compelling,” that comment was made in the context of the Fletcher Board’s attorney fee claim against the Ewert Board members, not in the context of the Ewert Board members’ claim in the present case regarding their own attorney fees. Because the Association has failed to establish that the issues in the present case were actually litigated in the declaratory judgment action, their defense of issue preclusion fails, and the district court’s decision to the contrary was erroneous. Standing {28} Although the district court ultimately dismissed the present suit on the basis of claim preclusion, which we have concluded was in error, we may affirm a trial court’s ruling on a ground that was not relied on below if reliance on the new ground would not be unfair to the appellant. Meiboom v. Watson, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154. The Association argues that Plaintiffs lacked standing and that we should affirm the district court’s decision on that basis even though the district court did not rely on it in its final order. We are not persuaded. {29} The Association’s argumentbased on standing is threefold. First, it maintains that the bylaws’ indemnification provision precludes Plaintiffs’ claim because the provision does not allow indemnification related to claims brought “by or in the right of the corporation,” and Plaintiffs asserted their claim in the declaratory judgment action ostensibly on the Association’s behalf. Second, it contends that Plaintiffs have not asserted a viable claim for common law indemnification. Third, it argues that the bylaws only permit indemnification of “any person who was or is a party ... to any pending or completed action [or] suit... by reason of the fact that he or she was a director, trustee, officer, employee or agent of [the Association]” for attorney fees incurred in that proceeding. B ecause Plaintiffs alleged in their complaint that they were not parties to the declaratory judgment action, the Association contends, they are not able to avail themselves of the indemnification provision. {30} We conclude that it would be unfair to Plaintiffs to address the Association’s first and second arguments because they were never made in the district court, Plaintiffs had no opportunity to develop responses to those arguments, and the district court never had the opportunity to rule on them. The Association’s third argument was raised below, and we therefore consider it. We conclude that there are issues of fact that preclude summary judgment on that basis. {31} The Association’s reference manual states that the Association will indemnify not only a party to the specified type of action, but also a person who “is threatened to be made a party” to such an action. The Fletcher Board’s request to personally seek attorney fees against the individual members of the Ewert Board can be viewed as a potential threat to make these individuals additional parties in the declaratory judgment action. Finally, the last order entered in the declaratory judgment action indicates that there had been a potential for the individual liability of the Ewert Board members, thus suggesting that those members either were parties or could have become parties even if they were not originally parties to the action. As a result, there is a factual issue as to whether Plaintiffs were parties to the declaratory judgment action or threatened to be made parties to it, or whether they were never parties to the action. This issue is for the fact finder to decide. CONCLUSION {32} For the foregoing reasons, we reverse the district court’s order of dismissal and remand for further proceedings consistent with this Opinion. {33} IT IS SO ORDERED. CYNTHIA A. FRY, Judge I CONCUR: TIMOTHY L. GARCIA, Judge JONATHAN B. SUTIN, Judge (dissenting). As this Court recently stated in Pielhau v. State Farm Mutual Automobile Insurance Co., “the tern ‘res judicata’ encompasses both claim and issue preclusion.” 2013-NMCA-112, ¶7 n.1 (No. 31,899, Sept. 23, 2013). We use the terms “claim preclusion” and “issue preclusion” as much as possible rather than the term “res judicata.” The record on appeal does not contain any part of the arbitration proceeding, the judgments entered in connection with the merits of the declaratory judgment action, or any documents reflecting a motion by Plaintiffs to vacate any resulting judgment. Therefore, we rely in part on statements in hearings and briefs as to what appears to have occurred in the declaratory judgment action. Of the five Plaintiffs in the present case, only four have appealed the district court’s dismissal. Therefore, all references to “Plaintiffs” refer to those who appealed.