Kim M. WETTER, Appellant,

v.

**DUBUQUE AERIE NO. 568 OF THE FRATERNAL ORDER OF EAGLES, Appellee.**

No. 97–1750.

Court of Appeals of Iowa.

Nov. 30, 1998.

Jeffrey M. Weber until withdrawal and then Douglas M. Henry of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellant.

William J. Maiers of Reynolds & Kenline, Dubuque, for appellee.

Heard by SACKETT, C.J., HUITINK, J., and PERKINS, S.J.,* but decided by SACKETT, C.J., and HUITINK, STREIT, VOGEL, and MAHAN, JJ.

HUITINK, J.

### I. Background Facts and Proceedings.

Kim Wetter was formerly employed as a bartender at the Dubuque Aerie No. 568 of the Fraternal Order of the Eagles. Wetter claims she resigned as an Eagles' bartender because of repeated sexual advances and comments made toward her by club members.

On June 28, 1996, Wetter filed a complaint with the United States Equal Employment Opportunity Commission and the Iowa Civil

Rights Commission. On December 10, 1996, the Iowa Civil Rights Commission issued Wetter a right-to-sue letter. The Equal Employment Opportunity Commission issued a similar notice on December 20, 1996. Wetter subsequently sued the Eagles in federal court alleging sex discrimination in violation of Title VII of Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e *et seq.* (1997). Wetter's complaint also included pendant state claims for breach of contract, wrongful discharge, and violation of the Iowa Civil Rights Act. This action was dismissed on April 28, 1997, when the federal court determined the Eagles did not employ the requisite number of employees (fifteen) to implicate its subject matter jurisdiction under Title VII. *See* 42 U.S.C. § 2000e(b).

Wetter refiled her state claims in Iowa district court on June 10, 1997. The Eagles moved to dismiss citing Wetter's failure to sue them within the time required by statute. *See* Iowa Code § 216.6(3) (State court action must be filed within ninety days of issuance of a right-to-sue letter by the Iowa Civil Rights Commission). The district court rejected Wetter's argument that this action was a continuation of her timely filed federal case. Because Wetter's state claim was not filed within ninety days of issuance of her right-to-sue letter, the district court dismissed all of her claims against the Eagles. Wetter's 179(b) motion citing the limited scope of the Eagles' motion to dismiss her discrimination claim and timeliness of her related common-law claims was summarily denied.

On appeal, Wetter claims the district court erred in: (1) determining her discrimination claim was time barred; (2) dismissing her common-law claims; and (3) refusing to adopt the doctrine of equitable tolling of the statute of limitation.

### II. Standard of Review.

■■■■ Our review of a ruling on a motion to dismiss is limited to correction of errors at law. *Haupt v. Miller,* 514 N.W.2d 905, 907 (Iowa 1994). Any decision to sustain or overrule a motion to dismiss must rest on legal

* Senior judge assigned by order pursuant to Iowa Code § 602.9206 (1997).

grounds. *Estate of Dyer v. Krug*, 533 N.W.2d 221, 222 (Iowa 1995).

### III. The Merits.

 Wetter's continuation of action argument is premised on Iowa Code section 614.10. That section provides:

> If, after the commencement of an action, the plaintiff, for any causes except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first.

There are four prerequisites for claiming relief under this section: (1) failure of a former action not caused by the plaintiff's negligence; (2) the commencement of a new action brought within six months thereafter; (3) the parties must be the same; and (4) the cause of action must be the same. *Beilke v. Droz*, 316 N.W.2d 912, 913 (Iowa 1982). The burden of proof for establishing these elements is placed on the party seeking protection under the statute. *Sautter v. Interstate Power Co.*, 563 N.W.2d 609, 610–11 (Iowa 1997).

The dispositive issue in this case is whether Wetter's federal case failed by reason of negligence in its prosecution. In urging that it did, the Eagles claim Wetter knew, before filing in federal court, they did not employ enough people to implicate the federal court's jurisdiction under Title VII. They cite paragraph 11 of Wetter's Iowa Civil Rights Commission complaint form which states: "Give approximate total number of full and part time employees at **ALL** employer locations **(VERY IMPORTANT)**." Wetter answered that the Eagles had a total of eight employees.

Although this case, like *Sautter*, involves dismissal of a federal case for lack of subject matter jurisdiction, we do not believe the record supports a similar finding that Wetter's federal case failed by reason of negligence in its prosecution. In *Sautter*, the plaintiff filed a claim in federal court despite implicit knowledge and express acknowledgement of the ultimate facts determinative of federal subject matter jurisdiction (e.g., no diversity of citizenship). Here, while Wetter

may have approximated the number of Eagle employees, this ultimate and determinative jurisdictional fact was implicitly and peculiarly known only to the Eagles. There is no evidence Wetter was less than diligent in the investigation of her claim. Moreover, the Eagles' motion to dismiss Wetter's federal case and the resulting ruling were filed before Wetter could consider appropriate discovery to properly resolve this issue. The fact that Wetter's approximation of the number of Eagles' employees was later shown in the course of litigation to be incorrect does not, without more, amount to negligence in prosecution of her federal claim.

The underlying purpose of Iowa Code section 216.6(3) like any other statute of limitations is well established:

> Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes 'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.' Moreover, the courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights.

*Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941, 945 (1965) (quoting *Order of Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348–49, 64 S.Ct. 582, 586, 88 L.Ed. 788, 792 (1944)). In this case, none of these purposes are advanced by the harsh result reached by the district court. Wetter's state law claim was filed exactly six months after the Iowa Civil Rights Commission issued its right-to-sue letter. Moreover, the Eagles cannot reasonably claim the time elapsed compromised its ability to defend against Wetter's claims.

We accordingly reverse the decision of the district court and remand for further proceedings consistent with this opinion. Our decision to reverse on this issue obviates the need to consider the parties' remaining appellate contentions.

### REVERSED AND REMANDED.