# IN THE COURT OF APPEALS OF IOWA

No. 17-1860
Filed October 24, 2018

**ANDREW GERTH,**
    Plaintiff-Appellant,

**vs.**

**IOWA BUSINESS GROWTH, INC. and DAN ROBESON,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

The plaintiff appeals from the partial dismissal of one lawsuit and the complete dismissal of another; both involve allegations of discrimination against his former employer and supervisor. **AFFIRMED IN PART AND REVERSED IN PART.**

Erik S. Fisk (until withdrawal) and John F. Fatino of Whitfield & Eddy, PLC, Des Moines, for appellant.

Abigail L. Thiel and Gary R. Fischer of Simpson, Jensen, Abels, Fischer & Bouslog, PC, Des Moines, for appellees.

Heard by Danilson, C.J., and Potterfield and Doyle, JJ.

**POTTERFIELD, Judge.**

Andrew Gerth appeals the partial dismissal of his second lawsuit (No. LACL138027) and the complete dismissal of his third lawsuit (No. LACL138196) by the district court. Both of these lawsuits and a first lawsuit—which is the subject of another opinion filed today—relate to Gerth's employment with Iowa Business Growth, Inc. and supervisor Dan Robeson.[1]

## I. Background Facts and Proceedings.

Gerth worked for the defendants from August 2014 until May 2016.

**First Lawsuit.** While still employed by the defendants, Gerth filed his first complaint—complaint number 02-16-68599—with the Iowa Civil Rights Commission (ICRC).[2] The commission issued a right-to-sue letter in September 2016. Based on this first right-to-sue letter, Gerth filed his first lawsuit on November 15.[3] In the lawsuit, Gerth alleged age discrimination, a hostile work environment, and retaliation. Regarding his claim of age discrimination, Gerth specifically alleged:

> Andrew suffered several ongoing adverse employment actions, in that he was disciplined for acting like a "millennial," instructed by his superior on how to use a urinal, monitored and subjected to intense scrutiny by his superiors, accused of closing his office door to make "personal calls" at work despite never actually having done so, and disciplined for closing his door to work when other employees were not.

---

[1] We refer to Iowa Business Growth, Inc. and Robeson collectively as the defendants.

[2] We do not have a copy of the complaint in the record before us.

[3] Gerth's petition does not reference the complaint number, but the only right-to-sue letter he had received at the time he filed his first lawsuit was the first; we treat it as the basis for his first lawsuit.

He also argued a violation of Iowa Code chapters 91A and 91B (2016), claiming the defendants had unreasonably denied his request to provide him his personnel and wage records from the duration of his employment.

On May 30, the district court dismissed without prejudice Gerth's first lawsuit for failure to timely serve the defendants pursuant to Iowa Rule of Civil Procedure 1.302(5). Gerth appealed the dismissal, which is the issue in *Gerth v. Iowa Business Growth. Inc.*, No. 17-1018, 2018 WL _____ (Iowa Ct. App. Oct. 24, 2018)—also decided today.

**Second Lawsuit.** Gerth filed his second complaint with the ICRC on September 30, 2016—complaint number 09-16-69598. In his second complaint, Gerth alleged both age and disability discrimination as well as the denial of an accommodation and constructive discharge. The ICRC issued a second right-to-sue letter on March 8, 2017. On May 26, Gerth filed his second lawsuit.[4] In it, Gerth alleged disability discrimination, harassment, retaliation, and a hostile work environment.

On June 21, less than a month after the district court dismissed his first lawsuit, Gerth amended his second lawsuit to add a general claim of age discrimination.

In July, the defendants filed a pre-answer motion to dismiss part of the second lawsuit. They argued that the added age-discrimination claim arose from

---

[4] Similarly, Gerth's second lawsuit does not reference his second complaint to the ICRC, but as his first right-to-sue letter had expired ninety days after he received it, *see* Iowa Code § 216.16(4), it expired in December 2016 and cannot be the basis for his second lawsuit. Moreover, in his resistance to the defendants' partial motion to dismiss the second lawsuit, Gerth asserted that the second lawsuit was based upon the second ICRC complaint.

Gerth's first ICRC complaint and the resulting right-to-sue letter had expired in early December 2016—several months before Gerth added the claim to his second lawsuit in June 2017. As part of their argument, the defendants noted that the second lawsuit did not contain an age-discrimination claim until Gerth amended it in June, after the district court had dismissed Gerth's first petition. The defendants asked the court to dismiss with prejudice Gerth's age-discrimination claim from the second lawsuit.

In his response, Gerth disputed the defendants' claim that Gerth's first ICRC complaint contained "all claims concerning age-related discrimination from the beginning of [his] employment" with the defendants. He pointed out that in the second ICRC complaint, he had responded "yes" to the following question: "If your complaint involves employment or credit, do you believe you were discriminated against because of your age?" Additionally, in an apparent concern that the district court would find his amendment to the second petition untimely for being added more than ninety days after the second right-to-sue letter was issued, Gerth argued that his June 21 amendment of the lawsuit related back to the original May 26 filing date, pursuant to Iowa Rule of Civil Procedure 1.402(5). Alternatively, he argued the savings statute—Iowa Code section 614.10—prevented this age discrimination claim in his lawsuit from being untimely.

In a reply, the defendants asked the court to consider their partial motion to dismiss as a partial motion for summary judgment, claiming it was "proper practice when matters outside the pleadings are relied upon in support of the motion to treat the motion as one for summary judgment." The defendants also urged the court to dismiss the age-discrimination claim in the second lawsuit "because the

documents filed with the Court for consideration are the type of which the court make take judicial notice." It is unclear which specific documents the defendants claimed were appropriate for judicial notice.

**Third Lawsuit.** On June 20, 2017, Gerth filed a third lawsuit. The petition for the third lawsuit was an exact duplicate of the petition for the first lawsuit, which had been dismissed less than one month earlier.

In July, the defendants filed a motion to dismiss the third lawsuit, arguing Gerth's claim about age discrimination was barred because it related back to his first right-to-sue letter, which had expired in December 2016, and because his claim for damages under Iowa Code chapters 91A and 91B was not a claim for which relief could be granted as no private cause of action existed under those chapters.

Gerth resisted, arguing that because the first lawsuit was timely filed, the third lawsuit—which was just a refiling of the first—was saved by the savings statute in section 614.10. He also claimed a private right of action did exist under chapter 91B.

The defendants replied that Gerth could not rely on the savings statute since the first lawsuit was dismissed due to his negligent prosecution. Additionally, they asserted that the district court did not have jurisdiction to decide the claims in the third lawsuit since they were identical to those in the first lawsuit, which was then pending appeal with the Iowa Supreme Court.

**Hearing regarding Second and Third Lawsuit.** Presumably because the defendants filed a motion to consolidate the second and third lawsuit, which Gerth did not resist, on August 17, 2017, all of the various motions and filings in both the

second and third lawsuits were heard in a combined hearing. The hearing was unreported.

**Ruling on Second Lawsuit.** Regarding Gerth's second lawsuit, the district court granted the defendants' partial motion to dismiss, resulting in the dismissal with prejudice of Gerth's age-discrimination claim that was added in June. In reaching this conclusion, the court ruled that if the age-discrimination claim in Gerth's second lawsuit was based on the facts contained in Gerth's first complaint to the ICRC, then the lawsuit was untimely, as the expiration of the first right-to-sue letter occurred in December 2016—several months before the second lawsuit was filed.

The court found it equally problematic if Gerth's age-discrimination claim in the second lawsuit was based upon his second ICRC complaint, ruling that Gerth could not "resurrect" his claims by raising them a second time to the commission. In reaching this conclusion, the court presupposed that the two age-discrimination complaints were based on the same underlying facts, as the court relied upon Iowa Code section 216.16(4), which provides in part, "If a complainant obtains a release from the commission under section 3, the commission is barred from further action on that complaint." Additionally, the court cited federal case law precedent that referenced "unambiguous precedent holding that if the proponent of a discrimination claim fails to sue within the specified ninety-day period, his claim expires and is not resuscitated by the filing of a second administrative charge." *Rivera-Diaz v. Humana Ins. of Puerto Rico, Inc.*, 748 F.3d 387, 391 (1st Cir. 2014) (citation omitted). The court found Gerth's "age-related claims were solely contained in [his] first complaint before the ICRC."

While the court granted the motion to dismiss in regard to the age-discrimination claims of the second lawsuit, Gerth's claim regarding disability discrimination was never at issue. It remains as part of his second lawsuit.

**Ruling on Third Lawsuit.** The district court granted the defendants' motion to dismiss the third lawsuit "because it is a duplicate of the first district court case [Gerth] filed." The court ruled that Gerth's first lawsuit could not be "revived" as the third lawsuit because the savings provision in section 614.10 was not applicable. The court found that Gerth's argument about the savings clause failed for alternative reasons. First, it ruled his argument failed because he could not prove he was not negligent in the prosecution of the first lawsuit. Alternatively, the court found that the savings clause was inapplicable because the dismissal of Gerth's first lawsuit was still pending appeal at the time he filed his third lawsuit. In other words, there had been no final ruling on Gerth's first lawsuit; it had not failed—which the court found was a necessary prerequisite to asserting the savings clause—at the time he filed his third lawsuit.

Because the court dismissed with prejudice the third lawsuit in its entirety, the district court found that the defendants' motion to consolidate the two lawsuits was moot.

Gerth appeals.

## II. Standard of Review.

"Our ruling on a motion to dismiss is limited to correction of errors at law." *Wetter v. Dubuque Aerie No. 568, Fraterrnal Order of the Eagles*, 588 N.W.2d 130, 131 (Iowa Ct. App. 1998). "Any decision to sustain or overrule a motion to dismiss must rest on legal grounds." *Id.* at 131–32. In the alternative, we also review

rulings on motion for summary judgment for correction of errors at law. *Madden v. City of Eldridge*, 661 N.W.2d 134, 136 (Iowa 2003).

## III. Discussion.

### A. Second Lawsuit.

Gerth appeals the dismissal of part of his second lawsuit. He maintains the court was wrong to dismiss his age-discrimination claims from his second lawsuit, asserting that there was not enough information in the record before the district court for the court to determine that the claims in the second lawsuit were based upon the same underlying facts as the age-discrimination claims in the dismissed first lawsuit.

An issue neither party raises, but one we consider nonetheless, is whether Gerth has a right to appeal the partial dismissal of his second lawsuit. "Appeals are available as of right only from final orders, and we lack jurisdiction of appeals from interlocutory orders unless permission to appeal is granted." *Rowen v. LeMars Mut. Ins. Co. of Iowa*, 357 N.W.2d 579, 581 (Iowa 1984); *see also* Iowa R. App. P. 6.101(1)(b), .103, .104(1)(a), .108. Because this is a jurisdictional issue, we may raise it sua sponte. *See In re M.T.*, 714 N.W.2d 278, 281 (Iowa 2006) ("Questions concerning this court's jurisdiction may be raised upon the court's own motion."); *River Excursions, Inc. v. City of Davenport*, 359 N.W.2d 475, 477 (Iowa 1984) ("Even though neither party has questioned our jurisdiction to hear and decide this case, we will sua sponte dismiss an appeal that is neither authorized by our rules nor permitted by court order."). And the defendants' failure to file a motion to dismiss the appeal "does not confer upon us jurisdiction to entertain" the appeal. *Forte v. Schlick*, 85 N.W.2d 549, 552 (Iowa 1957).

While "[t]he definition of and the distinction between the terms 'final order' and 'interlocutory order' have been made on many occasions, . . . the application of these pronouncements has been difficult." *In re Troester's Estate*, 331 N.W.2d 123, 125 (Iowa 1983). However, "look[ing] to the purpose of the rules, which is to prevent delay by piecemeal appeals," our supreme court has "generally held that a ruling is interlocutory unless it disposes of all the issues and parties." *Id.* at 126. Neither a partial dismissal nor a ruling granting partial summary judgment is a final, appealable order. *See Decatur-Moline Corp. v. Blink*, 283 N.W.2d 347, 349 (Iowa 1979) (ruling an order was not final because it was "analogous to the cases involving dismissal of only part of a petition. Such partial dismissal is an interlocutory order and is not appealable"); *see also River Excursions*, 359 N.W.2d at 477 ("Ordinarily a summary judgment that is not dispositive of the entire care is not a final judgment for purposes of appeal. A ruling is not final when the trial court intends to act further on the case before signifying its final adjudication of the issues.").

However, we have the authority to treat a notice of appeal from a non-final order as an application for interlocutory appeal and grant the application. *See* Iowa R. App. P. 6.108. We grant the application and proceed to the merits.

Gerth challenges the district court's ruling that he was attempting to resurrect the same claim from his first complaint to the ICRC with his second complaint to the ICRC. Gerth does not challenge the case law cited by the district court, which prevents him from raising a complaint based on the same underlying facts two separate times. *See, e.g.*, *Cintron-Garcia v. Supermercados Econo, Inc.*, 818 F. Supp. 2d 500, 507–08 (D.P.R. 2011) ("An employee who fails to bring a

complaint in federal court following a receipt of a right-to-sue-letter within the time period allowed under Title VII is barred from ever bringing a federal claim related to that EEOC charge even if a subsequent EEOC charge and right-to-sue letter reference the earlier acts."); *see also Pippen v. State*, 854 N.W.2d 1, 39 (Iowa 2014) ("The Iowa bench and bar has long understood federal authorities provide guidance to interpret the ICRA.").

Rather, he argues the record before the district court was insufficient for the district court to make the determination his claims were based on the same underlying facts. In his appellate brief,[5] he categorizes the age-discrimination claims in his first lawsuit and the age-discrimination claims in his second lawsuit as "similar, but distinct."[6] The defendants respond that the documents filed with their motion to dismiss demonstrate that the age-related claims in the first lawsuit covered the entirety of Gerth's employment and so must encompass every action during that employment. Gerth did allege age discrimination throughout the entirety of his employment with defendants.

In reviewing the record before us, including Gerth's resistance to the defendants' motion to dismiss and his sur-reply to the defendants' reply in support of their motion to dismiss, Gerth never argued before the district court that the age-discrimination claims in the first and second ICRC complaints were based on discrete acts. We acknowledge Gerth's argument that his second lawsuit was

---

[5] Without a record in the district court, we are unable to say whether this argument was made at the unreported hearing.

[6] While Gerth characterizes the two claims as similar but distinct, his appellate brief does not contain a cite to the record for documentation to support the assertion. *See* Iowa R. App. P. 6.903(2)(g)(3) (requiring the appellant to support his or her "contentions and reasons for them with citations to the authorities relied on and references to the pertinent parts of the record").

based upon his second complaint to the ICRC and the corresponding right-to-sue letter, but he never asserted that the two complaints were based upon distinct actions taken by the defendants. Our rules of error preservation preclude Gerth from offering an argument on appeal regarding why his age-discrimination claim in his second lawsuit should survive dismissal that he did not first raise to the district court. *See Garwick v. Iowa Dep't of Transp.*, 611 N.W.2d 286, 288 (Iowa 2000) ("Issues not raised before the district court . . . cannot be raised for the first time on appeal."); *Evans v. Rosenberger*, 181 N.W.2d 152, 155 (Iowa 1970) ("We consider only assigned errors and review only those matters which were properly raised and preserved below."); *cf. State v. Hepperle*, 530 N.W.2d 735, 738 (Iowa 1995) (stating the defendant is bound by the objection actually made at trial; the defendant "cannot amplify or change the objection on appeal").[7]

Because Gerth does not challenge the district court's actual reason for dismissing his age-discrimination claims in his second lawsuit, and because the argument he makes on appeal was not presented to the district court on this record, we affirm the district court's partial dismissal of Gerth's second lawsuit.

---

[7] Gerth's only other argument regarding the dismissal of his age-discrimination claim in his second lawsuit is his assertion that the June 2017 amendment to the second lawsuit adding the age-discrimination claim was not untimely, as the amendment "relates back" to the initial filing date, pursuant to Iowa Rule of Civil Procedure 1.402(5). Based upon our reading of the record, the defendants never claimed otherwise and, accordingly, the district court never ruled on the issue. Any argument about timeliness of the second lawsuit appears to stem from the argument that it was filed in some connection with the first ICRC complaint—which expired several months earlier—rather than any concern that the amendment otherwise affected the timeliness of the suit. We do not consider this issue further.

Gerth's claims regarding disability discrimination remain as part of his second lawsuit.[8]

### B. Third Lawsuit.

Gerth challenges the district court's dismissal of his third lawsuit, a copy of his first lawsuit. He argues the savings statute of section 614.10 is applicable to revive his dismissed first lawsuit.

Iowa Code section 614.10 provides, "If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first." The four prerequisites for claiming relief under the statute are: "(1) failure of a former action not caused by the plaintiff's negligence; (2) the commencement of a new action brought within six months thereafter; (3) the parties must be the same; and (4) the cause of action must be the same." *Wetter*, 588 N.W.2d at 132. Gerth has the burden of establishing the elements. *See id.*

The district court ruled that section 614.10 was inapplicable to Gerth's third lawsuit because he could not prove the first element—that the failure of his first lawsuit was not caused by his negligent prosecution. We agree with the district court. In *Central Construction Company v. Klingensmith*, 127 N.W.2d 654, 657 (Iowa 1964), our supreme court considered whether the plaintiff's failure to avoid dismissal of their case based on the want-of-prosecution rule constituted negligence within the meaning of section 614.10. The court found that it did,

---

[8] To the extent the district court allowed other claims—such as retaliation—to remain in the second lawsuit, claims were ultimately dismissed with the dismissal of the third lawsuit.

stating, "Negligence in prosecution of an action is surely inherent when the plaintiff is lacking in diligence and so suffers a dismissal." *Cent. Constr.*, 127 N.W.2d at 657. We believe Gerth's failure to timely serve the defendants can similarly be considered negligence in prosecution, as his lack of diligence resulted in the late service. Thus, we agree with the district court that section 614.10 does not allow Gerth to recommence his first lawsuit.[9]

**IV. Conclusion.**

Because Gerth does not challenge the district court's actual reason for dismissing his age-discrimination claims in his second lawsuit, and because the argument he makes on appeal was not presented to the district court on this record, we affirm the district court's partial dismissal of Gerth's second lawsuit (No. LACL138027). Additionally, because the savings statute is not applicable to Gerth's third lawsuit (No. LACL138196), we affirm the district court's dismissal. However, we reverse in part because each of the dismissals should be without prejudice.

**AFFIRMED IN PART AND REVERSED IN PART.**

---

[9] Gerth also argues the district court was wrong in its determination that Iowa Code chapters 91A and 91B do not provide a private right of action for damages for the defedants' failure to provide an employee with their personnel records. Because the issue of whether the savings statute applied was dispositive of Gerth's entire third lawsuit, we need not consider whether he had a private right of action to bring a claim for damages under chapters 91A and 91B. Moreover, even if the issue was still relevant, the district court never ruled on it, so it is has not been preserved for our review, and we would not consider it further. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").